IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CR-178-TAV-HBG |
| ) | |
| TYWAN M. SYKES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 9, 2020 for a motion hearing on Defendant's pro se Motion to Appoint New Counsel [Doc. 41], and defense counsel's Motion to Review Attorney/Client Status [Doc. 39], filed on February 28, 2020. Assistant United States Attorney Matthew Morris was present for the Government. Assistant Federal Defender Jonathan Moffatt, with the Federal Defender Services of Eastern Tennessee ("FDSET"), appeared on behalf of Defendant Sykes, who was also present. Attorney Mark Brown was also present.

In his pro se Motion to Appoint New Counsel [Doc. 41], Defendant requests that the Court appoint him a new attorney. In his Motion to Review Attorney/Client Status [Doc. 39], Assistant Federal Defender Moffatt states that Defendant has requested that substitute counsel be appointed in his case and that he believes that the attorney/client relationship may be irretrievably broken. The Government stated that it takes no position on the pending motion.

Based upon the representations of Assistant Federal Defender Moffatt and Defendant during the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's pro se Motion to Appoint New Counsel [Doc. 41] and defense counsel's Motion to Review Attorney/Client Status [Doc. 39] are **GRANTED**, and Assistant Federal Defender Moffatt and the FDSET are **RELIEVED** as counsel of record for Defendant. Defendant is, however, **INSTRUCTED** that he is not allowed to file pro se motions on his own behalf while represented by counsel. At the end of the hearing, Attorney Brown agreed to accept representation of the Defendant if the present motion was granted, and Defendant stated that he did not object to the appointment of Attorney Brown. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Brown under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Assistant Federal Defender Moffatt and the FDSET are **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Brown.

Attorney Brown then orally moved to continue the trial date of March 17, 2020. Attorney Brown argued that a continuance is necessary to provide him time to review the discovery and the charges in this case, meet with the Defendant, and prepare the case for trial. Attorney Brown stated that Defendant was waiving his speedy trial rights with respect to the continuance. The Government stated that it did not object to a continuance. The parties then agreed on a new trial date of July 14, 2020.

Given the circumstances of Attorney Brown's appointment, the Court finds that the failure to continue the trial in this case would deprive defense counsel of the reasonable time necessary to prepare the case for trial, even considering his acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, Defendant's oral motion to continue is **GRANTED**, and the trial of this matter is reset to **July 14, 2020**. The Court finds that all the time between the motion hearing on March 9, 2020, and the new trial date of July 14, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in this case, the parties are to appear before the undersigned for a pretrial conference at **June 30, 2020 at 11:00 a.m.** The date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **June 29, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **July 3, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant's pro se Motion to Appoint New Counsel [Doc. 41] and defense counsel's Motion to Review Attorney/Client Status [Doc. 39] are **GRANTED**. Assistant Federal Defender Moffatt and the FDSET are **RELIEVED** as counsel of record for Defendant and are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible;

(2) Attorney Mark Brown is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant pursuant to the CJA;

(3) Defendant's oral motion to continue is **GRANTED**;

(4) The trial of this case is reset to commence on **July 14, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the oral motion to continue on **March 9, 2020** and the new trial date of **July 14, 2020** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The parties are to appear before the undersigned for a pretrial conference on **June 30, 2020, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery;

(7) All motions *in limine* must be filed no later than **June 29, 2020**; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **July 3, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

4