IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:18-CR-178-TAV-HBG |
| TYWAN MONTREASE SYKES, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The parties came before the undersigned on October 6, 2021, for a motion hearing on Defendant Tywan Sykes's *pro se* Motion to Replace Counsel [Doc. 105], filed on September 24, 2021, and referred [Doc. 107] to the undersigned on September 28, 2021. Assistant United States Attorneys Gretchen Jenkins Mohr and Matthew T. Morris appeared on behalf of the Government. Attorney Mark E. Brown appeared with Defendant Sykes, who was also present.

The Court substituted Mr. Brown as Defendant Sykes's counsel of record on March 9, 2020 [Doc. 44]. In the instant motion, Defendant asks the Court to remove Mr. Brown and appoint new counsel. Defendant states that he is seeking new counsel, because he has repeatedly requested "a full discovery packet," first from prior counsel,[1] and later from Mr. Brown. Defendant contends that despite these repeated requests and receipt of "a few papers here and there," he has yet to receive his full discovery. Defendant states that he is preparing ineffective assistance of counsel allegations against Mr. Brown and that his rights have been violated by the

---

[1] The Court notes that Defendant Sykes was represented by Assistant Federal Defenders Paula R. Voss and Jonathan A. Moffatt and the Federal Defender Services of Eastern Tennessee from October 19, 2018, to March 9, 2020 [Docs. 4 & 18]. On February 28, 2020, Defendant Sykes filed a *pro se* request for new counsel [Doc. 41], which states his reasons for seeking a new attorney. Counsel's failure to provide discovery is not mentioned in this motion.

failure to inform him of the evidence against him.  At the October 6 hearing, AUSA Mohr stated the Government takes no position on the motion.

A defendant seeking the substitution of court-appointed counsel must show good cause for the substitution, such as an actual conflict of interest, a complete breakdown in communications between attorney and client, or an irreconcilable break in the attorney-client relationship.  *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985).  When a defendant states that he or she is dissatisfied with counsel, the Court must examine the defendant's contentions to determine if good cause exists to grant substitute counsel.  *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir.), *cert. denied* 130 S. Ct. 476 (2009).  In assessing good cause, the Court considers (1) the timeliness of the request for new counsel, (2) the extent of the problem between the attorney and the defendant, including whether the rift is so great that it prevents an adequate defense, and (3) the balance between the defendant's interest in new counsel and "'the public's interest in the prompt and efficient administration of justice.'"  *Id.* (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).

In the instant case, the Court conducted a sealed, *ex parte* inquiry to learn the nature and extent of Defendant Sykes's dissatisfaction with counsel.  Without going into the confidential details of that discussion, the Court concludes that no basis exists to relieve Mr. Brown of his representation of Defendant Sykes.  The Court finds Defendant's request for new counsel is untimely, occurring twelve days before his sentencing hearing.  More, importantly, the Court also finds that the rift in the attorney-client relationship, to the extent that it exists at all, has no effect on counsel's and Defendant's ability to proceed through the sentencing phase of this case.  Finally, given the Defendant's failure to demonstrate good cause for the substitution of counsel and the length of time that this case has been pending, the Court finds that the public's interest in the

efficient administration of justice outweighs the Defendant's interest in new counsel. The Court concludes that all the *Vasquez* factors weigh decidedly against the substitution of counsel. Accordingly, the Defendant's *pro se* Motion to Replace Counsel [**Doc. 106**] is **DENIED**. Defendant Sykes is encouraged to continue to work with Mr. Brown through the conclusion of his case.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge